**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**WAIMONUSHUN SMITH,**  **PETITIONER**
**ADC# 111026**

**V.**            **CASE NO. 5:13CV00224 JLH/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**            **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**    **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes.  Mr. Smith - or any party - may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   Introduction

Petitioner Waimonushun Smith, an inmate in the Arkansas Department of Correction ("ADC"), brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2), challenging his prison disciplinary convictions. Respondent, Director Ray Hobbs, has responded to the petition. (#7) For the following reasons, Mr. Smith's petition should be DISMISSED, with prejudice.

## III.   Background

On March 19, 2013, ADC officials charged Mr. Smith with a major disciplinary violation for indecent exposure; making profane/obscene gestures to a staff member; and failing to obey verbal and/or written orders of staff. (#7-1) An ADC disciplinary officer found Mr. Smith guilty of the violations after a March 26, 2013 hearing. (#7-2) As a result of the disciplinary convictions, the ADC reduced Mr. Smith's inmate classification, placed him in punitive isolation for 30 days, and revoked 150 days of good-conduct credit. (#7-2, p. 1)

Although disputed, it appears that Mr. Smith exhausted his ADC disciplinary appeals. (#8, p. 3) He now asks the Court to reverse his disciplinary convictions and punishment and to expunge the convictions from his records. (#2, p. 16)

**IV.     Discussion**

Mr. Smith challenges his prison disciplinary convictions on grounds that it lacked evidentiary support, was the result of bias, and resulted from withholding exculpatory evidence. (#2) Director Hobbs contends that Mr. Smith's petition should be denied because: he failed to exhaust available state remedies; his claims lack merit; and he does not have a liberty interest protected by the due process clause in the loss of his good-conduct time. (#7)

    A.     *Exhaustion of State Remedies*

A federal court can grant habeas relief only if the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A petitioner is deemed to have fully exhausted his claims, however, if presenting the claims in state court would be futile. *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005).

Director Hobbs contends that Mr. Smith "arguably" could file his claims in state court. (#7, p. 7) But he also concedes that Arkansas law does not recognize the right Mr. Smith is attempting to assert. If that is true, it would be futile for Mr. Smith to present his claims in state court. (#7, pp. 3-5) And if that were not the case, federal courts can deny a habeas corpus petition on the merits even if the petitioner has not to exhausted available state remedies. 28 U.S.C. § 2254(b)(2). In this case, it is prudent for the Court to review the merits of Mr. Smith's claims.

B.     *Disciplinary Convictions*

Prison officials must support disciplinary convictions with "some evidence" in order to meet due process requirements. *Flowers v. Anderson*, 661 F.3d 977, 980 (8th Cir. 2011)(citing *Superintendent*, 472 U.S. at 455, 105 S.Ct. at 2774). The some-evidence standard does not require this Court to examine the entire record, to independently assess the credibility of witnesses, or to re-weigh the evidence. *Id*. Instead, the relevant question here is whether there is some evidence in the record to support Mr. Smith's disciplinary convictions. *Id*.

In this case, an ADC officer's witness statement constitutes some evidence to support Mr. Smith's disciplinary conviction for indecent exposure. (#7-1, #7-2, p. 2) There is no evidence in the record, however, to support his convictions for making profane/obscene gestures to a staff member and failing to obey verbal and/or written orders of staff. The disciplinary hearing officer failed to note any evidence to support either of the latter two convictions. (#7-2)

It is not clear from the record which conviction justified the punishment meted out to Mr. Smith. The Court cannot recommend that habeas relief be granted, however, because the Eighth Circuit has not found that Arkansas has not created a liberty interest in the loss of good-conduct credit and the district courts have been divided on the question.

C.     *Liberty Interest*

Mr. Smith's punishment included 30 days' confinement in punitive isolation, reduction in his classification, and loss of 150 days of good-conduct time. (#7-2) Inmates do not have a constitutionally protected liberty interest in avoiding temporary punitive isolation. *Portley–El v. Brill*, 288 F.3d 1063, 1065-1066 (8th Cir. 2002). Nor do they have a constitutional right to a particular prison classification. *Moody v. Daggett*, 429 U.S. 78, 88 fn. 9, 97 S.Ct. 274 (1976). Thus, the only question here concerns Mr. Smith's loss of credit for good conduct.

The Supreme Court has recognized that the loss of good-conduct time sometimes implicates a liberty interest protected by the due process clause of the United States Constitution. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974). But it is not a right that arises from the Constitution itself. Instead, the law of each state determines whether inmates in that state have a protected liberty interest in good-conduct credit. See *Sandlin v. Conner*, 515 U.S. 472, 477-484, 115 S.Ct. 2293 (1995)(states may create liberty interests in good-conduct credit protected by the due process clause). In other words, the Court must look to Arkansas law to determine whether Mr. Smith has a constitutional interest at stake.

Many states have created a liberty interest in good-conduct credit, but the Supreme Court of Arkansas has held that Arkansas has not created a liberty interest in either the accumulation or loss of good-conduct credit. *McKinnon v. Norris*, 366 Ark. 404, 408-09, 231 S.W.3d 725, 730 (2006); *Koontz v. Norris*, 2008 WL 2310973, *2 (Ark. 2008). In

reaching this conclusion, the Arkansas Court reasoned that the accumulation or loss of good-conduct credit does not affect the length of a sentence, but rather the location and conditions under which the sentence will be served. *McKinnon*, 366 Ark. at 408-09. The Supreme Court of Arkansas is primarily responsible for interpreting Arkansas law, but its interpretation of the United States Constitution – in this case the due process clause – is not binding on federal courts. See *Baker v. Carr*, 369 U.S. 186, 211, 82 S.Ct. 691, 706 (1962) (Supreme Court of the United States is the "ultimate interpreter of the Constitution").

There are no decisions from the Supreme Court of the United States or the Court of Appeals for the Eighth Circuit directly addressing Arkansas's applicable statute.[1] Both courts have found, however, that inmates in Nebraska have a liberty interest in the loss of good-conduct credit under a statutory scheme similar to Arkansas's. See *Wolff*, 418 U.S. at 556-557 and *Louis v. Department of Correctional Services of Nebraska*, 437 F.3d 697, 700 (8th Cir. 2006). But unlike Nebraska's "good conduct" statute, the Arkansas statute expressly provides that "good time will not be applied to reduce the length of a sentence."

---

[1] Courts in this district have found that Arkansas inmates have a liberty interest in the loss, but not accrual, of their good-conduct time. See *Penny v. Swayze*, Case No. 5:08CV00087, 2008 WL 1932019 (E.D.Ark. April 28, 2008) (prisoners have a liberty interest in the loss of good-conduct credit under *Preiser v. Rodriguez*, 411 U.S. 475 (1973)); *Robins v. Straughn*, Case No. 5:07CV00264, 2007 WL 4191767 (E.D.Ark. Nov. 26, 2007) (same); but see *Lewis v. Norris*, 5:09CV00308, 2010 WL 4115393 (E.D.Ark. Oct. 18, 2010)(prisoners do not have a liberty interest in the accrual of good-conduct credit).

*Compare* NEB. REV. STAT. § 83-1,107 with ARK. CODE ANN. § 12-29-201(d). In Arkansas, good-conduct credit reduces the time an inmate must serve before he is parole-eligible, but it does not affect the length of his sentence. ARK. CODE ANN. § 16-93-614 and ARK. CODE ANN. § 12-29-201(d). In other words, Arkansas's good-conduct provision advances the inmate's parole-eligibility date. But inmates have no liberty interest in being granted parole. *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011).

There is obviously a difference between serving time in the free world under supervision, *i.e.*, parole, and serving time in a prison cell, even though prisoners in both circumstances are deemed to be serving their sentences. Because of this stark difference in conditions, once granted parole, a prisoner does have a recognized interest in parole *revocation*. But parole *release* is substantively different from parole *revocation*. *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 99 S.Ct. 2100 (1979). The crucial difference is "between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires." *Id*. at 9.

Mr. Smith has a liberty interest in being released at the expiration of his sentence, but he does not have a protected interest in the possibility of a conditional release, *i.e.*, parole, prior to the expiration of his sentence. See *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011)(the federal Constitution does not confer a right to be conditionally released before the expiration of a valid sentence). Because Mr. Smith does not have a

7

constitutional liberty interest in the loss of good-conduct credit based on the wording of the applicable Arkansas statute, the Court must recommend that his habeas corpus petition be dismissed with prejudice.

## V. Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Smith has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

In this case, the Court will recommend that Judge Holmes issue a certificate of appealability on the question of whether Arkansas inmates have a liberty interest in the revocation of good-conduct time. The Court has found no binding precedent on this issue, and reasonable jurists could find that the Arkansas statute implies a due process right.

## VI. Conclusion

The Court recommends that Mr. Smith's petition for writ of habeas corpus be dismissed, with prejudice. The Court further recommends that Judge Holmes issue a certificate of appealability.

DATED this 15th day of October, 2013.

_____
UNITED STATES MAGISTRATE JUDGE